# B.

# BAIL.

## No. 1.

**STEVENS** *against* **ADAMS.** *Chittenden,* 1819.

IN order to hold the bail on a writ, it is sufficient that the return of non est inventus, be written on the execution within 60 days from the rendition of the judgement, and the execution returned into office in a reasonable time after the 60 days.

The date of an officer's certificate is *prima facie* evidence that the certificate was made at the time of the date thereof.

SCIRE FACIAS against bail on a writ of attachment. The plaintiff declared, that on the 25th day of August 1815, he prayed out a writ of attachment, in his favour, against Luther Whit-

ney, which was served, and Charles Adams the defendant became bail; that at the February Term of Chittenden County Court in 1816, he recovered judgement, in his favour, against the said Whitney, for the sum of $126,64 damages and $15,7₁ costs; that on the 16th day of March 1816, the said Stevens took out a writ of execution in common form on said judgment, and in due time delivered the same to Heman Lowry, Sheriff of Chittenden County, to collect and return; that on the 15th day of May 1816, and within sixty days from the rendition of said judgment, and within sixty days from the date of said execution, the said Heman Lowry regularly made his return on said execution, "that he had made diligent search, &c." and afterwards, on the 16th day of May 1816, the execution was returned into the office of the Clerk of the County Court with the said return legally thereon endorsed.

Plea. That no return of non est inventus was regularly made on said execution within 60 days from the rendition of said judgment, and traverses the return of the officer.

Issue of fact and verdict for plaintiff.

On the trial, the plaintiff offered in evidence, a certified copy of said execution, on which was written a return of *non est inventus* bearing date the 15th May 1816, and a minute of its return into office 16th May 1816. The defendant objected, 1st that the return of the officer is not evidence between these parties, 2d that the execution was not returned into office until *after*, sixty days, from the rendition of the judgment, had expired. Objections overruled and evidence admitted. Exceptions by defendant and motion for new trial.

In support of the motion, it was contended:

That a question arises on the construction of the words of the act (1 vol. p. 67) "the bail shall in no way be holden unless the creditor shall *within* sixty days cause a return of *non est inventus* to be regularly made on the execution" whether this *return* is the writing of the certificate by the officer on the back of the writ of execution, or the actual return of the execution into the clerk's office? Whatever may constitute the re-

turn, it should be made *within* sixty days from the rendition of the judgment. If the officer's certificate be sufficient, it should appear when that certificate was made. In this case the officer does not certify that the return, i. e. the certificate, was made on the 15th but only on that day and often before he made diligent search, &c. The copy of the execution in this case furnished no evidence of the time when the return was made, and was improperly admitted. That the filing the execution, with the clerk within the sixty days constitutes the *return* and is neeessary in order to charge the bail.

Contra. That the execution need not be actually returned into the clerk's office, within the sixty days in order to hold the bail on mesne process. 1 stat. p. 67, 94.

By the Court. 1. The date of an officers certificate is prima facie evidence that such certificate was actually made, at the time of the date thereof, and in this case the copy and certificate were properly admitted as evidence of the facts therein mentioned.

2. That the duty of the bail is, to deliver the principal either in court, or to the officer who may have the execution; but our statute has imposed a duty on the creditor that he shall use a certain degree of diligence in causing the principal to be apprehended, or in obtaining satisfaction of his judgement he "shall, within sixty days from the rendition of final judgment on said process, cause execution issuing thereon to be levied on the goods, chattels or body of the defendant or defendants; or cause a return of non est inventus to be regularly made thereon" when the creditor has performed the acts required of him the bail must still be responsible for the surrender of the prinoipal, if he levy on the goods if they fail to produce satisfaction or if he cause a return of non est, &c. The object of the statute is, not to give notice to the bail, *as no return within sixty days* is required in case of levy on goods, but the object is to require search to be made for the principal, and the evidence of such search, &c. to be certified within the sixty days by a legal return of non est inventus *on* the execution: It is suffi-

cient, that the certificate of the officer, shewing that search, &c. be written on the execution, within sixty days from the rendition of the judgment, and the execution be returned into office in a reasonable time thereafter.

Motion dismissed.　Judgment rendered on verdict.